IN THE UNITED STATES DISTRICT COURT FOR
THE STATE OF DELAWARE

| | |
|---|---|
| BARBARA GOUDY and<br>EDWARD GOUDY, husband<br>  and wife, citizens of the<br>Commonwealth of Pennsylvania,<br>            Plaintiffs, | :<br>:<br>: CIVIL ACTION<br>:<br>: |
| v. | : NO. |
| GREENVILLE CORPORATE LLC<br>  a limited liability company<br>  in the State of Delaware,<br>            Defendant. | :<br>:<br>: DEMAND FOR JURY TRIAL |

## COMPLAINT

### I.  Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the case involves citizens of different states and the amount in controversy, without interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

2. Venue is proper within this district because the accident which gave rise to this complaint occurred in the district.

### II.  Parties

3. Plaintiff, Barbara Goudy, is an adult individual who resides at 110 Lantana Drive, Kennett Square, Pennsylvania 19348.

4. Plaintiff, Edward Goudy, is an adult individual who resides at 110 Lantana Drive, Kennett Square, Pennsylvania 19348.

5. Barbara and Edward Goudy are wife and husband having been married on January 2, 1969.

6. Defendant, Greenville Corporate LLC, is a Delaware Limited Liability Company with a business address of 4001 Kennett Pike, Wilmington, DE 19807.

7. The Plaintiffs are citizens of Pennsylvania and the Defendant is a citizen of Delaware.

### III. Facts

8. At all relevant times, Greenville Corporate LLC owned, operated and maintained the shopping center located at Two Greenville Crossing in Greenville, Delaware (the "Premises").

9. On March 7, 2006, at approximately 9:30am, Barbara Goudy was a business invitee at the Premises having stopped there on her way to work to buy a cup of coffee at the Pure Bread Deli/Bakery/Cafe.

10. On March 7, 2006, and for an unknown period of time in the past, on information and belief since the construction of the premises, there existed a defective and dangerous condition in the parking lot in that there was a tripping hazard where the asphalt portion of the parking lot met the concrete portion of the parking lot.

11. At the aforementioned date and time, Barbara Goudy parked her car in front of the UPS store. As Mrs. Goudy exited the vehicle, closed her door and began to take her first step forward, her right foot tripped over the raised portion of concrete which meets the asphalt in the parking lot. This caused Mrs. Goudy to stumble a few steps forward, fall and slam her left knee into the curb on the edge of the sidewalk in the parking lot causing her serious injuries.

## COUNT I

## <u>BARBARA GOUDY v. GREENVILLE CORPORATE LLC</u>

12. Plaintiffs incorporate by reference paragraphs 1 thru 11 as though set forth in length.

13. The Defendant owed Mrs. Goudy a duty to exercise reasonable care in the design, construction and maintenance of the parking area so as not to cause injury to Mrs. Goudy through its negligence. Defendant further owed Mrs. Goudy a duty, as a business invitee, to make the premises reasonably safe for its intended purpose.

14. Defendant was responsible for creating or knew or should have had knowledge and/or notice of the defective and dangerous condition of the parking lot and was required to eliminate the defect or warn its business invitees of the danger.

15. Defendant was negligent in that it:

    a. Failed to use due care and to employ reasonable skill in the performance of its duty of care to Mrs. Goudy;

    b. Failed to exercised the judgment, care and skill of a reasonable property owner under the circumstances;

    c. Improperly designed the parking lot using both asphalt and concrete surfaces which did not join together in a level manner in the area near the sidewalk where patrons are expected to exit their vehicles and walk;

    d. Improperly constructed the parking lot with an unlevel condition to the point where the asphalt and concrete surfaces met;

    e. Improperly maintained the parking lot and allowing an unlevel condition to exist to the point where the asphalt and concrete surfaces met;

      f.    Created and/or failed to correct a tripping hazard with a difference in height of the asphalt and concrete surface an excess of ½ inch;

      g.    Failed to have a proper transition between the asphalt and concrete portions of the parking lot;

      h.    Failed to fill in the gap between the asphalt and concrete parts of the parking lot;

      i.    Violated industry standards and/or Federal, State and/or Local building codes concerning the construction of the parking lot;

      j.    Failed to inspect the parking lot to discover and correct the tripping hazard which existed on the date of the accident; and

      k.    Failed to properly warn or notify pedestrians, like Mrs. Goudy, of the tripping hazard which existed due to the difference in height between the asphalt and concrete portions of the parking lot.

16.    As a result of the negligence of the Defendant, Mrs. Goudy suffered serious and permanent injuries, including but not limited to various contusions and abrasions on her body, a displaced left patella fracture as well patella femoral arthritis with spur formation in the anterior portion of distal femur and superior pole of the patella and other injuries causing past, present and future mental anguish and emotional distress, pain and suffering and a loss of life's pleasures.

17.    As a result of the negligence of the Defendant, Mrs. Goudy required emergency medical treatment, surgery, casting of her leg, follow-up and physical therapy. She has incurred past medical expenses and made be forced, in the future, to incur future medical expenses.

18. As a further result of Defendant's negligence Mrs. Goudy has suffered past lost wages and earnings capacity and may suffer future lost wages and/or earning capacity.

WHEREFORE, Plaintiff, Barbara Goudy, demands judgment in her favor and against Defendant, Greenville Corporate LLC, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COUNT II

### EDWARD GOUDY v. GREENVILLE CORPORATE LLC
### LOSS OF CONSORTIUM

19. Plaintiffs incorporate by reference paragraphs 1 thru 18 as though set forth in length.

20. As a direct and approximate result of the negligence of Defendant, Plaintiff, Edward Goudy, has sustained the following damages:

    a. Edward Goudy has been and/or may be compelled to spend monies for medical treatment and medicines with regard to the injuries which his wife, Barbara Goudy, sustained in the accident;

    b. Edward Goudy has been and/or may be compelled to spend monies to hire help to perform the duties of household duties previously performed by his wife, Barbara Goudy;

    c. Edward Goudy has been and/or will be deprived of his wife, Barbara Goudy's aid, comfort, society, companionship and affection.

WHEREFORE, Plaintiff, Edward Goudy, demands judgment in his favor and against Defendant, Greenville Corporate LLC, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

MacELREE HARVEY, LTD.

Dated: 12-7-07

By: *Christopher J. Curtin*
Christopher J. Curtin, Esquire
DE Bar ID. No. 226
5721 Kennett Pike
Centreville, DE  19807
Phone: (302) 654-4454
Facsimile: (302) 478-5577
E-mail: ccurtin@macelree.com
Attorney for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Barbara Goudy and Edward Goudy, h/w

## DEFENDANTS
Greenville Corporate LLC

(b) County of Residence of First Listed Plaintiff: **Chester, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Castle, DE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 302.654.4454
Christopher J. Curtin, Esq., MacElree Harvey, Ltd.
5721 Kennett Pike, Centreville, DE 19807

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. Section 1332**
Brief description of cause: **Slip and Fall**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **Excess of $75,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 12-7-07
SIGNATURE OF ATTORNEY OF RECORD: *Christopher J. Curtin Esquire*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07cv796-UNA

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

___12-10-2007___  ___Christopher J. Curtin, Esq. for Plaintiff___
(Date forms issued)   (Signature of Party or their Representative)

___Christopher J. Curtin, Esq. for Plaintiff___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

✱ Please Sign & Return to the Clerks Office ✱