IN THE UNITED STATES DISTRICT COURT FOR
THE STATE OF DELAWARE

**BARBARA GOUDY and**  :
**EDWARD GOUDY, husband**
   **and wife, citizens of the**  : C. A. NO. 1:07-cv-00796
   **Commonwealth of Pennsylvania,**

          **Plaintiffs,**  :

v.  : JURY TRIAL DEMANDED

**GREENVILLE CORPORATE LLC**  :
   **a limited liability company**
   **in the State of Delaware,**  :

          **Defendant.**  :

## PLANTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, Barbara Goudy and Edward Goudy, request that Defendant, Greenville Corporate LLC, ("Defendant") produce within thirty (30) days for inspection and copying of documents (as further defined below) responsive to the specific requests set forth below, that are within its possession, custody, or control. Defendant shall effect production of documents by delivery to the offices of MacElree Harvey, Ltd., 5721 Kennett Pike, Centreville, DE 19807, or other mutually agreeable means.

The Instructions and Definitions that appear below form an integral part of the specific requests for the production of documents that follow, and must be read in conjunction therewith. It is expected that the Instructions set forth will be followed in searching for and producing documents responsive to the specific requests for production. Where any defined word or phrase is used in a specific request for the production of documents, it is to be interpreted as defined.

## **INSTRUCTIONS**

A.  Responses to this discovery request shall be supplemented and/or amended as required by Rule 26(e)(2) of the Federal Rules of Civil Procedure.

B.  The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

C.  Each specification with respect to production of documents should be construed independently and not by reference to any other request herein for purposes of limitation.

D.  These document requests cover documents in the possession, custody or control of the answering Defendant, including documents in the possession, custody or control of Defendant's counsel and/or any of Defendant's agents.

E.  For the purposes of this request for production of documents, a document shall be deemed to be in the control of the Defendant if any person or entity having possession or custody of the document would provide a copy to the Defendant in the ordinary course of business as a result of contractual obligation, employment by or of the Defendants, business relationship or otherwise.

F.  If any documents requested were formerly in your possession, custody, or control and have been lost or destroyed, or have ceased to be within your control, submit in lieu of each such document a written statement which (a) describes in detail the nature of the document and its contents, (b) identifies the person who prepared or authorized the document, and if applicable, the person(s) to whom the document was sent, and (c) specifies the date on which the document was lost or destroyed, and if

destroyed, the contents and the identity of the person requesting and performing the destruction.

G.  Each document requested herein shall be deemed to call for the production of the original document or documents.  If the original is not available, then a copy shall be produced.  In addition, any copy of a document shall be produced if it differs in any respect from the original (e.g., by reason of there having been added to the copy information or markings that was not in or on the original, including but not limited to handwritten notes or comments, exclamation points or question marks, routing stamps, indications that a particular copy was intended for a particular individual, indications that one or more individuals were to receive a "blind" or "bcc" copy, or underlining or highlighting of particular portions).

H.  To the extent that you consider any of the following document requests objectionable, respond to each part that is not objectionable in your view, and separately identify that part of the request that you find objectionable and state the grounds for each such objection, as required by FRCP 34(b).

I.  Any privilege objection which you raise should be confined to that portion of the document request for which you make such a claim and shall not excuse you from otherwise responding to the request to the fullest extent possible consistent with preserving your claim of privilege.

J.  If any document otherwise required to be produced by this request is withheld, identify the document stating its date, author, recipient and reasons for withholding.

K. Documents are to be produced for inspection and copying as they are kept in the usual course of business. If documents are produced from a file folder or equivalent (e.g., computer directory) that has a name, such name shall be indicated. Groups of documents that come from the same file may be identified as a group, provided that the scope of the group to which the identification applies is apparent or is indicated.

L. In seeking information to respond to these interrogatories, you are required to examine all possible forms of storing verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records. In searching for nonpaper sources of information, you are required to search all computer or other electronic or optical forms of information storage formats, including:

(a) so-called floppy disks

(b) removable drive media, of all kinds

(c) hard drives used by individuals

(d) hard drives shared by multiple users

(e) storage media used by network systems

(f) storage media not maintained on-line, including but not limited to backup tapes or similar archival storage media, wherever and whomever stored or retained

(g) file servers

(h) optical media, including "write-once-read-many" ("WORM") media or other optical formats, including rewritable optical formats

(i) portable computers, included but not limited to, "notebook" computers, "laptop" computers, or other similar portable devices

(j) palmtop, pocketsize or similar portable information devices on which information is stored in digital form

## DEFINITIONS

A.  The term "document" is defined in the broadest terms permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and means, without limitation, any writings, drawings, graphs, charts, photographs, phonographs, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, including all drafts and nonidentical copies of copies of documents in the possession, custody, or control of the Defendants or their agents, employees, attorneys, investigators, or consultants.

B.  "You" and "your" refers to Defendant and includes all predecessors in interest, and any directors, officers, employees, attorneys, agents, representatives or other persons acting on their behalf.

C.  The conjunctions "and" and "or" shall be individually interpreted in every instance to mean "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request.

D.  The term "any," "all," and "each" shall be interchangeable as necessary to call for the broadest possible response.

E.  The term "relating to" or "concerning" a specified subject matter includes any document that constitutes, embodies, reflects, identifies, refers to, comments on, responds to, describes, analyzes, or contains information concerning, or is in any way pertinent to that subject matter.

F.  "This case" refers to <u>Barbara Goudy and Edward Goudy, h/w v. Greenville Corporate LLC</u>, Case No. 1:07-cv-00796, pending in the U.S. District Court for the State of Delaware.

G. The "accident scene" refers to the location of the parking lot depicted in the photograph attached as Exhibit "A" where asphalt parking lot surface meets concrete parking lot surface.

H. "Communication" means all transfer of information by and between any natural person or business, corporate, governmental, or other organizational entities, or by and between representatives, employees, agents, brokers, and/or servants of any natural person or business, corporate, governmental, or other organizational entity.

I. The term "privilege" as used in this document request is defined as incorporating the attorney-client privilege, any other statutory or nonstatutory privileges, and also as including the attorney work product doctrine.

## REQUESTS FOR PRODUCTION

1. Any and all documents identified in your answers to Plaintiff's First Set of Interrogatories Addressed to Defendant.

2. All photographs, videotapes or any other images or recordings of the accident scene.

3. All photographs, videotapes or any other images or recordings of the Plaintiff, Barbara Goudy.

4. Any and all documents relating to any investigation performed by you, your insurance company representatives or your attorneys relating to the accident or this lawsuit, excluding only those documents which are beyond the permissible scope of discovery pursuant to the Federal Rules of Civil Procedure.

5. All written statements (signed or unsigned), descriptions of statements, recordings or transcriptions of statements of anyone who either witnessed the accident happen or observed the Plaintiff, Barbara Goudy, at the accident scene after she was hurt but before she was taken to the hospital.

6. All documents or other evidence which will be introduced or used at trial.

7. All documents which were supplied to any experts whom you intend to testify at the trial of this matter.

8. All reports and curriculum vitae with regard to experts whom you intend to call to testify at the trial of this matter.

9. All medical records, reports and or bills relating to the Plaintiff, Barbara Goudy.

10. Copies of all plans, specifications, architectural drawings and/or contracts relating to the construction and/or maintenance of the parking lot and sidewalks at the property where the accident occurred.

11. Any documents relating to any slip, trip or fall incident which has occurred at the property and is alleged to have been caused by the uneven nature of the asphalt parking lot where it meets concrete which is depicted in the photograph attached hereto as Exhibit "A."

12. Any documents relating to any notifications or complaints to the property owner, manager or any tenants of the property where the accident occurred regarding the uneven nature of the asphalt parking lot where it meets the concrete which is depicted in the photographs attached as Exhibit "A."

13. Any Federal, State or Local building codes or standards which you believe relate to the condition shown in the photographs attached as Exhibit "A" or support any of your defenses to Plaintiffs' claims.

14. Copies of all documents identified in Defendant's Answer to Form 30 Interrogatories.

15. All communications, including but not limited to correspondence and emails between the Defendant and its insurance representatives concerning Plaintiffs' claims.

MacELREE HARVEY, LTD.

Dated: 3-7-08

By: /s/ Christopher J. Curtin
Christopher J. Curtin, Esquire
DE Bar ID. No. 226
5721 Kennett Pike
Centreville, DE  19807
Phone: (302) 654-4454
Facsimile: (302) 478-5577
E-mail: ccurtin@macelree.com
Attorney for Plaintiffs



